UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE L. BROWN,

    Plaintiff,

v.

R. GODWIN,

    Defendant.

No. 2:15-cv-01300 WBS AC P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 4), plaintiff has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. ECF No. 9.

**I.    Application to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

### III. Screening Order

Plaintiff alleges that, on March 10, 2015, he acted on an order from his work supervisor and entered a store room where inmate clothing was kept. ECF No. 4 at 3. He claims that defendant learned of his incursion into the room and, rather than confronting him about it, elected to "thrash" plaintiff's cell while plaintiff was at pill call. <u>Id.</u> at 4. Defendant allegedly left plaintiff's cell in a state of "utter disarray" with personal property strewn across the floor. <u>Id.</u>

After returning to his cell, plaintiff confronted defendant. <u>Id.</u> He asked why his cell had been violently searched and defendant indicated that she was displeased that plaintiff had entered the store room without her permission. <u>Id.</u> The two argued and defendant eventually accused plaintiff of threatening her. <u>Id.</u> Plaintiff claims that he was assessed a false disciplinary violation based on this exchange. <u>Id.</u>

The court has reviewed these claims and, for the reasons stated below, finds that neither is cognizable.

#### A. Cell Search

The Supreme Court has held that cell searches which are conducted solely as a means of "calculated harassment" can violate the Eighth Amendment. <u>Hudson v. Palmer</u>, 468 U.S. 517, 530 (1984). Courts have found such violations where an inmate has been subjected to frequent cell searches. <u>See</u> <u>Scher v. Engelke</u>, 943 F.2d 921, 923-24 (8th Cir. 1991) (finding an Eighth Amendment violation where inmate was subject to "frequent retaliatory cell searches, some of which resulted in the violent dishevelment of [the inmate's] cell."). By contrast, courts are disinclined to find an Eighth Amendment violation where an inmate alleges only a single, harassing search. <u>See</u> <u>Vigliotto v. Terry</u>, 873 F.2d 1201, 1203 (9th Cir. 1989). This is because the protection against cruel and unusual punishment extends not to inconveniences or discomfort but only to extreme deprivations which "deny the minimal civilized measure of life's necessities." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8-9 (1992).

////

Here, plaintiff only alleges that he was subject to one search. In light of <u>Vigliotto</u>, the court finds that this is insufficient to state an Eighth Amendment claim.

    **B.    False Disciplinary**

Inmates do not have any due process right to be free from false disciplinary charges. <u>See</u> <u>Freeman v. Rideout</u>, 808 F.2d 949, 951 (2d Cir. 1986) (inmates have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," provided that they are "not . . . deprived of a protected liberty interest without due process of law."); <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir.1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."). Accordingly, plaintiff's claim that defendant wrote him a false disciplinary after their argument fails.

    **IV.    Leave to Amend**

Plaintiff will be granted leave to file an amended complaint in which he can reattempt to allege a cognizable legal theory against a proper defendant and sufficient facts in support of that theory. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint must clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).

4

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a).

### V. Summary of the Order

You have been granted in forma pauperis status and will not have to pay the entire filing fee immediately.

The current complaint does not state a valid claim and is being dismissed. The single harassing search you allege is not enough to state an Eighth Amendment violation. Instead, courts have recognized Eighth Amendment cell search claims where an inmate alleges that he has been subject to multiple, frequent harassing searches.

Your claim based on the false disciplinary is being dismissed because inmates have no due process right to be free from false or mistaken disciplinary charges.

You are being given an opportunity to submit an amended complaint in which you can try to state viable claims. You must submit that complaint to the court within thirty days of this order's filing date if you want this action to proceed.

### VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 9) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

3. The complaint (ECF No. 4) is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: May 3, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE